Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 200528-90000
DATE: October 29, 2021

ORDER

Service connection for traumatic brain injury (TBI) residuals is denied. 

Service connection for chronic pain disorder is denied. 

Service connection for a headache disorder, to include migraine and cluster headaches, is denied. 

Service connection for right shoulder arthritis, as secondary to the service-connected lumbar spine degenerative disc disease with intervertebral disc syndrome (IVDS), is denied. 

An increased disability rating in excess of 40 percent for lumbar spine degenerative disc disease with IVDS is denied. 

REMANDED

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) is remanded. 

FINDINGS OF FACT

1. The Veteran does not have current residual disability of a TBI. 

2. The Veteran does not have a current disability of chronic pain disorder. 

3. The service-connected radiculopathy of the bilateral lower extremities is a symptom of the service-connected back disability, for which the Veteran is already being compensated. 

4. The Veteran is currently diagnosed with cluster and migraines headaches. 

5. There was no headache injury, disease, or event during service. 

6. The currently diagnosed headache disorder did not have its onset in service and is not otherwise etiologically related to service.

7. The currently diagnosed right shoulder arthritis was not caused or worsened in severity by the service-connected lumbar spine degenerative disc disease with IVDS. 

8. For the increased rating period on appeal, the back disability has not more nearly approximated unfavorable ankylosis of the entire thoracolumbar spine and/or incapacitating episodes having a total duration of at least six weeks for any period. 

CONCLUSIONS OF LAW

1. The criteria for service connection for TBI residuals have not been met. 38 U.S.C. §§ 1110, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304.

2. The criteria for service connection for chronic pain disorder have not been met. 38 U.S.C. §§ 1110, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304.

3. The criteria for service connection for a headache disorder, to include cluster and migraine headaches, are not met. 38 U.S.C. §§ 1110, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304.

4. The criteria for service connection for a right shoulder disorder, as secondary to the service-connected back disability, have not been met. 38 U.S.C. §§ 1110, 5103, 5103A, 5107(b); 38 C.F.R. §§ 3.102, 3.159, 3.310

5. For the increased rating period on appeal, the criteria for a disability rating in excess of 40 percent for lumbar spine degenerative disc disease with IVDS have not been met. 38 U.S.C. §§ 1155, 5103, 5103A, 5107; 38 C.F.R. §§ 4.3, 4.7, 4.40, 4.45, 4.59, 4.71a, Diagnostic Codes 5242, 5243. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran, who is the appellant, had active service from January 1999 to November 2000. In May 2021, the Veteran and mother testified at a Board videoconference hearing before the undersigned Veterans Law Judge. A transcript of the hearing is of record. 

1. Service Connection for Residuals of TBI is Denied. 

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). Service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in service disease or injury and the current disability. 

With any claim for service connection (under any theory of entitlement), it is necessary for a current disability to be present. See Brammer v. Derwinski, 3 Vet. App. 223 (1992); see also McClain v. Nicholson, 21 Vet. App. 319 (2007) (service connection may be warranted if there was a disability present at any point during the claim period, even if it is not currently present); Romanowsky v. Shinseki, 26 Vet. App. 289 (2013) (when the record contains a recent diagnosis of disability immediately prior to a veteran filing a claim for benefits based on that disability, the report of diagnosis is relevant evidence that the Board must address in determining whether a current disability existed at the time the claim was filed or during its pendency).

The Veteran generally seeks service connection for traumatic brain injury residuals. The May 2021 Board hearing transcript indicates that a traumatic brain injury was due to hitting the head when getting out of a plane. 

After a review of all the lay and medical evidence of record, the Board finds that the weight of the evidence is against finding that the Veteran has a current residual disability of TBI. The service treatment records do not reflect compatible injury/trauma, complaints, symptoms, a diagnosis of, or treatment for a TBI during active service. The May 1999 service separation examination report reflects the Veteran was clinically evaluated as normal except as to the spine/musculoskeletal system. The contemporaneous May 1999 report of medical history reflects the Veteran denied head injury, periods of unconsciousness, loss of memory, or amnesia. 

A VA TBI examination was provided in April 2020. Upon examination, the VA examiner assessed no diagnosis of TBI or any residuals of a TBI, reasoning that the evidence of record, to include the service treatment records, as well as interview with the Veteran did not support a TBI diagnosis. The Board finds that the evidence in this case, in particular the April 2020 opinion from the VA physician evaluating the Veteran for TBI, is highly probative to show that the Veteran does not have current residuals of a TBI. 

There is no indication from the service treatment records that the Veteran ever sought treatment for any head injury, disease, or event or reported any history of such injury during service. The May 1999 service separation examination report also reflects the Veteran was clinically evaluated as normal and the May 1999 report of medical history reflects the Veteran denied head injury, periods of unconsciousness, loss of memory, or amnesia. Consistent with this service history and findings, the April 2020 VA examination report reflects that the VA examiner assessed no diagnosis of TBI or any residuals of a TBI. 

In summary, the weight of the lay and medical evidence is against finding a diagnosis of residuals of a TBI at any time during the pendency of this claim or in the time period just prior to the filing of this claim. In the absence of proof of a current disability, there can be no valid claim for entitlement to service connection for residuals of TBI. In view of the foregoing, the Board concludes that the preponderance of the evidence is against the claim for service connection for residuals of TBI, and the claim must be denied. 

2. Service Connection for Chronic Pain Disorder is Denied. 

The Veteran essentially contends that he has symptoms of chronic pain caused by the service-connected back disability. See May 2021 Board hearing transcript. 

After a review of the evidence, both lay and medical, the Board finds that the Veteran does not have, nor has he had at any time proximate to or during the course of this appeal, any chronic pain disorder. The evidence of record reflects that the symptoms of pain and radiculopathy reported by the Veteran are symptoms that are attributable to, and being compensated for, as part of the service-connected right and left lower extremity radiculopathy disabilities associated with the service-connected back disability. The March 2020 VA Back examination report reflects the VA examiner assessed radiculopathy of the right and left lower extremities as related to the service-connected back disability, which is consistent with the facts as found by the Board. 

In the absence of a current disability during or immediately prior to the claim period, service connection is not warranted. The existence of a current disability is the cornerstone of a claim for VA disability compensation. With any claim for service connection (under any theory of entitlement), it is necessary for a current disability to be present. For these reasons, the Board finds that the preponderance of the lay and medical evidence that is of record weighs against the claim for service connection for a chronic pain disorder, and the claim must be denied. 

3. Service Connection for a Headache Disorder is Denied. 

The Veteran generally seeks service connection for a headache disorder. The May 2021 Board hearing transcript indicates that headaches were due to hitting the head when getting out of a plane. 

Initially, the evidence shows a current diagnoses of cluster and migraine headaches. See VA treatment records. 

After review of all the lay and medical evidence of record, the Board finds that the weight of the evidence is against finding that there was a head injury or headache disease during service. The service treatment records appear complete, and contain no complaints, symptoms, diagnosis, or treatment related to a headache disorder. There is no indication from the service treatment records that the Veteran ever sought treatment for any head injury or headache, or reported any history of head injuries or headaches during service. The May 1999 report of medical history reflects the Veteran denied frequent or severe headaches. 

A headache disorder is a condition that would have ordinarily been recorded during service during the normal course of treatment or examination for almost any disorder. Similarly, the service treatment records, which are complete, reflect that the Veteran was treated for other symptoms and disorders during service, of which he did complain and seek treatment, though he did not report any such related problems or symptoms regarding headaches. Such in-service complaints reported or for which the Veteran knew how to, and did, seek treatment include back pain, bilateral lower extremity numbness, ear pain, allergic rhinitis, and thigh pain. As such, the complete service treatment records in this case, which were generated contemporaneous to service, are likely to accurately reflect the Veteran's physical condition. 

The service treatment records in this case are of significant probative value because the Veteran was treated on multiple occasions for the complaints or disorders listed above, so would similarly have reflected any complaints or treatment for a headache disorder had such occurred during service; therefore, the absence of any complaints or symptoms or findings or treatment during service is some evidence that weighs against a finding that a head injury or headache symptoms occurred during service. See Kahana v. Shinseki, 24 Vet. App. 428, 438 (2011) (stating that VA may use silence in the service treatment records as evidence contradictory to a veteran's assertions if the service treatment records appear to be complete and the injury, disease, or symptoms involved would ordinarily have been recorded had they occurred). 

Regarding the theory of direct service connection, the Board finds that the weight of the evidence shows no in-service injury or disease or even event to which a current disability could be related. As analyzed above, the weight of the evidence shows no headache disorder injury or disease or symptoms during service and the May 1999 report of medical history reflects the Veteran denied frequent or severe headaches. 

Insomuch as the Veteran asserts that the headache disorder is directly related to service, the Board finds that the Veteran is not competent to relate the currently diagnosed headaches that began after service to active service, especially under the facts of this case where there was no in-service injury or disease or symptoms until years after service. While the Veteran is competent to describe symptoms he experiences at any time, he does not have the requisite medical expertise needed to provide a competent opinion regarding causation of a complex medical condition such as a headaches and their relationship to active service years earlier, which requires specialized medical knowledge of the various possible etiologies of headaches, especially in the context of this case where a headaches disorder is first shown and diagnosed after separation from service. 

Based on the foregoing, the Board finds that the weight of the evidence demonstrates no in-service injury or disease, and that the currently diagnosed headaches are not related to service many years earlier. For these reasons, service connection must be denied. 

4. Service Connection for Right Shoulder Disorder is Denied. 

Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either (a) proximately caused by or (b) proximately aggravated by a service-connected disability. See 38 C.F.R. § 3.310. 

The Veteran contends that a right shoulder disorder is related to the service-connected back disability. See May 2021 Board hearing transcript. 

The evidence shows a current diagnosis of right shoulder arthritis. See March 2020 VA examination report. 

The weight of the lay and medical evidence shows that the currently diagnosed right shoulder arthritis disability is not related to the service-connected back disability. The March 2020 VA examiner opined that the current right shoulder disorder was not caused by the service-connected back disability. The March 2020 VA examiner's opinion was supported by a rationale that the right shoulder disability was related to various post-service injuries, to include an August 2019 injury when the Veteran moved commercial dumpsters. See March 2020 VA examination report, August 2019 VA treatment records. 

For these reasons, the Board finds that a preponderance of the lay and medical evidence that is of record weighs against secondary service connection for a right shoulder disorder; therefore, the appeal must be denied. 

5. An Increased Rating in Excess of 40 Percent for Lumbar Spine DDD with IVDS is Denied. 

For the increased rating period on appeal, the Veteran is in receipt of a 40 percent disability rating for the back disability under Diagnostic Code 5243. At the May 2021 Board hearing, the Veteran testified to symptoms of back pain that impaired the ability to lift. 

Disabilities of the spine are rated under the General Rating Formula for Diseases and Injuries of the Spine (Diagnostic Codes 5235 to 5243). Ratings under the General Rating Formula are made with or without symptoms such as pain (whether or not it radiates), stiffness, or aching in the area of the spine affected by residuals of injury or disease.

Under the General Rating Formula for Diseases and Injuries of the Spine, a 40 percent rating is assigned for forward flexion of the thoracolumbar spine at 30 degrees or less; favorable ankylosis of the entire thoracolumbar spine; or unfavorable ankylosis of the entire cervical spine. A 50 percent disability rating is assigned for unfavorable ankylosis of the entire thoracolumbar spine. A 100 percent rating is assigned for unfavorable ankylosis of the entire spine. 38 C.F.R. § 4.71a. 

Under Diagnostic Code 5243 (Intervertebral Disc Syndrome), a 40 percent disability rating is assigned with incapacitating episodes having a total duration of at least 4 weeks but less than 6 weeks during the past 12 months; and a maximum 60 percent disability rating is assigned with incapacitating episodes having a total duration of at least 6 weeks during the past 12 months. 

After a review of all the evidence, lay and medical, the Board finds that for the increased rating period on appeal, the back disability has not been manifested by unfavorable ankylosis of the entire thoracolumbar spine and/or incapacitating episodes having a total duration of at least 6 weeks during any 12 month period. 

In this case, a higher disability rating of 50 percent or higher for the back disability would be warranted for unfavorable ankylosis of the entire thoracolumbar spine or incapacitating episodes having a total duration of at least 6 weeks during a 12-month period, none of which is present here. The March 2020 VA examiner did not discern ankylosis of the spine and the evidence does not otherwise show functional ankylosis of the thoracolumbar spine, even when all limitations of motion due to orthopedic factors are considered. See 38 C.F.R. §§ 4.40, 4.45, 4.59.

The March 2020 VA examiner also assessed that the Veteran did not have any episodes or acute signs and symptoms due to IVDS that required bed rest prescribed by a physician in the past 12 months. See March 2020 VA examination report. The Veteran has also not alleged, and the evidence of record does not otherwise reflect, unfavorable ankylosis and/or incapacitating episodes having a total duration of at least 6 weeks during a 12-month period. For these reasons, the Board finds that back disability does not warrant a higher rating for the increased rating period on appeal. See 38 C.F.R. §§ 4.3, 4.7, 4.71a.

REASONS FOR REMAND

6. TDIU 

A claim for a TDIU is part of a rating issue when such claim is raised by the record during the rating period. Rice v. Shinseki, 22 Vet. App. 447 (2009). At the May 2021 Board hearing, the Veteran indicated that the service-connected back disability impacted the ability to work. Evidence of unemployability submitted during the course of an appeal of an assigned disability rating raises a claim for TDIU due to that disability as part and parcel of the underlying increased rating claim. The Board finds that the evidence has reasonably raised a claim for a TDIU. Under the AMA, the Board must remand to the Agency of Original Jurisdiction (AOJ) to correct pre-decisional duty to assist errors. 

The issue of TDIU is REMANDED for the following action:

The AOJ should take all actions to provide notice and adjudication of a claim for a TDIU. 

 

J. PARKER

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Tenney, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.